## First Department, February, 1932.

Consolidated Indemnity and Insurance Company, Respondent, *v.* Max Epstein and Another, Appellants.

Per Curiam. The defendants contest the items of payments and their propriety and necessity and show by affidavits a right to an account of disposition of advances made to plaintiffs out of a fund created to complete building operations in which the parties were engaged. With these issues disputed a summary decision on motion ought not to have been made. The order granting summary relief should be reversed and the issues remitted to trial. The judgment and order should be reversed, with costs, and the motion denied, with ten dollars costs. Present — Finch, P. J., Merrell, McAvoy, Martin and Sherman, JJ. Judgment reversed, with costs, and motion denied, with ten dollars costs.

Anna Falco, as Administratrix, etc., of Carmine Falco, Deceased, Respondent, *v.* Union Railway Company of New York City, Appellant.

Finch, P. J. (dissenting in part). This is a death case, upon which the burden of proof of contributory negligence is upon the defendant. The issues simply were whether the defendant's trolley car approached at high speed two cars of the defendant standing parked at a crossing without warning, and with the motorman's head turned away, and if so, whether it was negligent, and, second, whether the deceased stepped out from between the parked cars in the path of the moving trolley car when it was but four feet away, and if so, whether the deceased was negligent. It seems to me that while it might fairly be held that the verdict is against the weight of the evidence, the complaint should not be dismissed, but a new trial ordered. The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.